UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED TRIBBEY,<br><br>          Petitioner,<br><br>     v.<br><br>SACRAMENTO SUPERIOR COURT, et al.,<br><br>          Respondents. | No.  2:25-cv-0365-SCR<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a former county pretrial detainee currently in state custody who filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with a motion to proceed in forma pauperis. ECF Nos. 1, 8.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.      Factual Background**

Petitioner filed a "writ of mandate" which the court liberally construes as a federal habeas corpus petition because it seeks the dismissal of criminal charges that were filed against him in the Sacramento County Superior Court.  ECF No. 1.  Petitioner asserts that he was not timely arraigned on the criminal charges and did not have a preliminary hearing within the time required by state law.  According to petitioner, these state law violations also rise to the level of federal due process violations.

/////

1

## II. Legal Standards

Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury. Younger v. Harris, 401 U.S. 37, 45-46 (1971). Younger applies equally to state court appellate and trial proceedings. Huffman v. Pursue, Ltd., 420 U.S. 592, 608-09 (1975). Federal courts must abstain from ruling on the issues and dismiss the federal action without prejudice, unless there are extraordinary or special circumstances which pose an immediate threat of irreparable injury. See Perez v. Ledesma, 401 U.S. 82, 85 (1971) (limiting "extraordinary circumstances" to those cases involving harassment by state officials, prosecutions undertaken "in bad faith that have no hope of obtaining a valid conviction," or where "irreparable injury can be shown."). Irreparable injury does not exist in such situations if the threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal case. Moreover, even irreparable injury is insufficient to enjoin a state criminal prosecution unless it is "both great and immediate." Fenner v. Boykin, 271 U.S. 240, 243-44 (1926). In practical terms, the Younger doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'" Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980) (quoting Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972)).

## III. Analysis

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. Having conducted this review, the undersigned recommends summarily dismissing the § 2254 petition on the basis of the Younger abstention doctrine. First, it is apparent from the face of the petition that state criminal proceedings were ongoing when petitioner filed the § 2254 petition. See Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988) (stating that for purposes of Younger abstention analysis, the pendency of state proceedings is determined "at the time the federal action was filed"). Secondly, the ongoing state criminal proceedings involve an important state interest. Lastly, the ongoing state proceedings provide

petitioner the opportunity to raise his state law issues concerning the timeliness of his arraignment and preliminary hearing. In this case, petitioner has not demonstrated an extraordinary circumstance justifying federal court intervention in his pending state criminal proceeding. For these reasons, the court will recommend that petitioner's § 2254 application be summarily dismissed without prejudice based on the Younger abstention doctrine.

### IV.     Plain Language Summary for Party Proceeding Without a Lawyer

Since petitioner is representing himself in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

The undersigned has concluded that your federal habeas petition should be dismissed without prejudice because state criminal proceedings were still pending at the time that you filed your federal court case. Habeas corpus relief is not available until your direct appeal has ended and you have exhausted all state court remedies.

If you disagree with this recommendation, you have 21 days to explain to the court why it is wrong. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district court judge assigned to your case will review the file and make the final decision.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 8) is granted.

2. The Clerk of Court shall randomly assign this matter to a district judge.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be summarily dismissed without prejudice based on the Younger abstention doctrine.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of

the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 17, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE